OPINION
{¶ 1} Petitioner-appellants Michael and Deborah B. ("Appellants") bring this appeal from the judgment of the Court of Common Pleas of Auglaize County, Probate Division, denying their Civil Rule 60(B) Motion to Vacate the Pleadings. For the reasons set forth below, the judgments are affirmed.
 {¶ 2} D.B. and S.B. had been placed into the permanent custody of the Auglaize County Department of Human Services ("the Agency"). Appellants provided weekend foster care for the children. Upon inquiry, Appellants were informed that the Agency knew of no family background of mental illness in the children's past. The Agency also told Appellants that an incidence of possible sexual abuse had been investigated and was unfounded. On December 6, 2002, the adoption of D.B and S.B. by Appellants was finalized.
 {¶ 3} After the finalization, Appellants began having issues with the children. Michael again questioned the Agency about the children's background and was given the same information. Appellants also sought financial assistance for the counseling and therapy costs incurred in treating the children, but were *Page 3 
denied. Eventually, the children were again brought into juvenile court. In May 2006, as part of the juvenile proceedings, Michael learned through the Van Wert County Department of Job and Family Services that the children did have a family history of mental illness and had documented instances of sexual abuse in their past.
 {¶ 4} On December 5, 2007, Appellants filed a Civil Rule 60(B) motion to vacate the final decree of adoption. The Agency filed a motion for judgment on the pleadings pursuant to Civil Rule 12(C) on December 14, 2007. A hearing was held on the motion on February 8, 2008. After the hearing, the trial court granted the Agency's motion based on R.C. 3107.16(B). Appellants bring these appeals from the judgments and raise the following assignment of error.
 The trial court erred in finding that Civil Rule 60(B) was not applicable to these proceedings and dismissing the Motions of the Appellants.
 {¶ 5} The sole issue before this court is whether the trial court erred in granting the Agency's Civil Rule 12(C) motion for judgment on the pleadings. In its motion, the Agency claimed that no motion to vacate could be granted because more than one year had passed since the finalization of the adoption.
 [U]pon the expiration of one year after an adoption decree is issued, the decree cannot be questioned by any person, including the petitioner, in any manner or upon any ground, including fraud, misrepresentation, failure to give any required notice, or lack of jurisdiction of the parties or of the subject matter, unless in the case of the adoption of a minor, the petitioner has not *Page 4 taken custody of the minor, or, in the case of a stepparent, the adoption would not have been granted but for fraud perpetrated by the petitioner or the petitioner's spouse, or, in the case of the adoption of an adult, the adult had no knowledge of the decree within the one-year period.
R.C. 3107.16. The plain language of the statute indicates that no one, including the petitioner as is the case here, can question an adoption decree after one year.[1] In addition, the statute specifically prohibits challenges for fraud or misrepresentation unless the adoption is completed by a stepparent and is challenged by the biological parent.
 {¶ 6} Here, the petitioner is the one challenging the decree on the basis of fraud and misrepresentation. The adoption was final on December 6, 2002. Appellants did not file their motion to vacate the decree until December 5, 2007; almost five years later. Since Appellants are not the biological parents and are not challenging an adoption by a stepparent[2], Appellants are prohibited by the statute from challenging the adoption decree.
 {¶ 7} This court notes Appellants claim that the alleged fraud tolled the time for contesting the adoption decree. Even if this were the case, Appellants learned of the alleged fraud in May of 2006. Appellants did not file their motion *Page 5 
until December of 2007. More than one year had passed from the discovery of the alleged fraud until the filing of the motion. Thus, the statute would still act as a bar to the filing. The trial court did not err in finding that Appellants' motion violated R.C. 3107.16 on its face and granting judgment to the Agency. The assignment of error is overruled.
 {¶ 8} The judgments of the Court of Common Pleas of Auglaize County, Juvenile Division, are affirmed.
Judgments Affirmed.
 SHAW, P.J., and PRESTON, J., concur. r
[1] Appellants point to In re: Adoption of Knipper (1986),30 Ohio App.3d 214, 507 N.E.2d 436, as an exception based upon the biological parent's constitutional right to due process having been violated. However, Appellants point to fraud and misrepresentation, not to violation of any constitutional right, as the basis for the relief which they seek.
[2] Nor have Appellants asserted a violation of a right protected by the Constitution of the United States or by the Constitution of the State of Ohio. *Page 1